**FILED**

**August 9, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 7:36 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | |
|---|---|
| **MANUEL SANTIAGO,** <br> **Petitioner,** ) | **Docket No.: 2015-03-0698** |
| ) | |
| **v.** ) | **State File No.: 86396-2015** |
| **WAYNE JOHNSON doing business as** ) | |
| **OMEGA HOME IMPROVEMENTS,** ) | **Judge Pamela B. Johnson** |
| **Respondent.** ) | |
| ) | |

## EXPEDITED HEARING ORDER
## DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

This case came before the undersigned Workers' Compensation Judge on August 2, 2016, upon the Request for Expedited Hearing filed by the Petitioner, Manuel Santiago, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether an employee-employer relationship existed between Mr. Santiago and the Respondent, Wayne Johnson, doing business as Omega Home Improvements. The central legal issue is whether Mr. Santiago can demonstrate a likelihood of success at a trial on the merits on this issue. If so, this Court must then decide whether he sustained an injury arising primarily out of and in the course and scope of his employment, entitling him to past and future medical benefits and past and future temporary disability benefits. For the reasons set forth below, the Court holds Mr. Santiago failed to demonstrate that he is likely to succeed at a hearing on the merits in proving that he was an employee of Mr. Johnson and Omega Home Improvements, and therefore, the remaining issues need not be addressed at this time.[1]

### History of Claim

During the Expedited Hearing, the parties established the following facts. Mr. Santiago is forty-five years of age and lives at the Salvation Army in Knoxville, Tennessee. He works in construction as a laborer. Mr. Johnson operates Omega Home Improvements and performs home improvement and roofing jobs.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

On October 20, 2014, while installing a metal roof on a house in Gatlinburg, Tennessee, Mr. Santiago cut his left hand while handling a sheet of metal roofing. (Ex. 1.) He was taken to Physician Regional Medical Center in Knoxville, Tennessee where he received six sutures. (Ex. 3.) The attending physician assigned Mr. Santiago restrictions of no lifting with or use of left hand for ten days. *Id.* Mr. Santiago returned to Physicians Regional on October 30, for removal of his sutures. *Id.* He testified he was subsequently unable to work for three months because of his injury. *Id.* He incurred medical bills in the amount of $900 and paid $20 out-of-pocket for a prescription. *Id.*

A dispute exists as to whether Mr. Santiago was working for Mr. Johnson and Omega Home Improvements on October 20, 2014, when he suffered the laceration to his left hand. Mr. Santiago testified, with the assistance of an interpreter, that Mr. Johnson picked him up from the Salvation Army on October 20, in a white pickup truck and drove him to the house in Gatlinburg. He indicated Mr. Johnson paid for his breakfast and lunch and prayed with him before he began work. He testified that he worked with a "blonde guy," who gave Mr. Santiago a business card with Mr. Johnson's name and telephone number; he was unable to produce the business card or recall the name of the "blonde guy." Mr. Santiago testified Mr. Johnson paid him $100 cash for the five hours he worked that day. He stated Mr. Johnson was present at the time of the injury, and drove him to Physicians Regional Medical Center, where he dropped him at the entrance to the hospital.

In contrast, Mr. Johnson testified he did not know Mr. Santiago and denied that Mr. Santiago ever worked for him. He indicated he does not work on metal roofing and has never purchased metal roofing from his regular suppliers. He stated he did not work in Sevier County on October 20, and further denied that he ever picked up workers from the mission. He denied that he employed anyone since 2013; he stated since 2013, he works for himself with no employees. He admitted he drives a white pickup truck with his company's name and telephone number on the side of the truck, which he suggested Mr. Santiago has likely seen around town. He further admitted that he has prayed with workers at job sites, but indicated Mr. Santiago is confusing him with another person for whom he worked and sustained the injury.

## Findings of Fact and Conclusions of Law

The Court now turns to the legal principles it must apply to grant or deny Mr. Santiago the benefits he requests. Mr. Santiago need not prove every element of his claim by a preponderance of the evidence in order to recover temporary disability and/or medical benefits at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits.

2

*Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015).

This lesser evidentiary standard does not relieve Mr. Santiago of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether he met his burden, the Court will not remedially or liberally construe the law in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Santiago nor Mr. Johnson. *See* Tenn. Code Ann. § 50-6-116 (2015).

In the present case, this Court must first address whether an employee-employer relationship existed between Mr. Santiago and Mr. Johnson, doing business as Omega Home Improvements. The Workers' Compensation Law defines an "employee" as "every person... *in the service of an employer*... under any contract of hire or apprenticeship, written or implied." *See Duck v. Cox Oil Co.*, No. 2015-07-0089, 2016 TN Wrk. Comp. App. Bd. LEXIS 2, at *13-14 (Tenn. Workers' Comp. App. Bd. Jan. 21, 2016); Tenn. Code Ann. § 50-6-102(12)(A) (2015) (emphasis added). "If no employment relationship existed, then it strains logic and common sense to conclude that the employment contributed more than fifty percent in causing the injury." *Id.* The Workers' Compensation Law further defines the phrase "arises primarily out of and in the course and scope of employment" to mean that the injury is compensable "only if it has been shown by a preponderance of the evidence that the *employment* contributed more than fifty percent (50%) in causing the injury, considering all causes." *Id.*; Tenn. Code Ann. § 50-6-102(14 )(B) (2015) (emphasis added).

Here, Mr. Santiago could not recall the address in Gatlinburg where he worked and sustained the laceration to his left hand. Mr. Santiago said he was paid in cash; thus, he could not produce a paystub to identify his "employer" on the day of the injury. He additionally was unable to produce the business card he received from his coworker, the "blonde guy." He further could not provide the name of his coworker with whom he worked at the time of the incident and who likely could have confirmed the identity of his "employer." Therefore, as a matter of law, this Court holds Mr. Santiago failed to come forward with sufficient evidence from which this Court might conclude that he is likely to prevail at a hearing on the merits. Accordingly, his request for past and future medical treatment and past and future temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Manuel Santiago's claim against Wayne Johnson doing business as Omega Home Improvements is denied at this time.

3

2. This matter is set for an Initial (Scheduling) Hearing on **October 18, 2016**, at **3:00 p.m.** Eastern Time. The parties must call (865) 594-0091 or toll free at (855) 543-5041 to participate in the Initial Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED this the 9th day of August, 2016.**

**HON. PAMELA B. JOHNSON**
**Workers' Compensation Judge**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it

4

with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Technical Record:
- Petition for Benefit Determination, filed October 16, 2015;
- Dispute Certification Notice, filed November 24, 2015;
- Show Cause Order, issued February 11, 2016;
- Amended Show Cause Order, issued March 29, 2016;
- Order, issued April 13, 2016; and
- Request for Expedited Hearing, filed May 5, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
- EXHIBIT 1: Declaration of Manuel Santiago;
- EXHIBIT 2: Sworn Statement of Wayne Johnson; and
- EXHIBIT 3: (Collective) Notice of Filing Medical Record and Table of Contents and Medical Records of Physicians Regional Medical Center.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 9th day of August, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Garry Ferraris, Esq., Employee's Counsel | | | X | gferraris@ferrarislaw.com |
| Wayne Johnson Self-Represented Employer | X | | | 7505 Joyful Lane Knoxville, TN 37918 |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

6